IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TAVARIS BODY,  # 111855-003   :

   **Plaintiff,**      :

vs.             :  **CIVIL ACTION 12-0344-CG-N**

JOHNNIE THORNTON, et al.,   :

   **Defendants.**     :

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).   After careful consideration, it is recommended that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.  Complaint.  (Doc. 1).**

Plaintiff names as defendants Johnnie Thornton, an officer with the Sheriff's Department of Mobile County, Alabama, and Llwellyn Spencer, an officer with the Saraland Police Department.  (Doc. 1 at 4-5).   Because plaintiff's complaint is brief and the disposition of this action turns on what was not contained in the complaint, plaintiff's allegations are set out below.

> This compl[ain]t is [in] reference to a fourth amendment violation and false documentation provide by the defendants in this case at bar.  The officers alleged that they conducted four control buys from the residence of 928 Nellie St. on four different days.

> However, two months later a search warrant was obtained for 928
> Nellie St, on October 19, 2010, [but] nothing was found.  A vehicle
> was parked in the drive way, the officers searched the car but they
> did not have a search warrant to search the automobile[.] [T]he
> officers used a slim-jim which is a device for breaking into cars[.]
> [T]hey use that to gain entrance to the automobile, in which they
> found a receipt with my name and 928 Nellie St, which was
> w[h]ere the automobile was found.  The officers used the receipt
> found in the automobile as pro[b]able cause to search a different
> residence 924 Nellie St.  The Officer obtained a search warrant for
> 924 Nellie St on October 26, 2010[;] they a[ls]o entered the
> residence on that date[.] [T]he search warrant had 928 Nellie St[;]
> there was no proba[b]le cause to enter 924 Nellie St.

(Id. at 4).

Plaintiff claims that the defendants violated his Fourth Amendment and Due Process

rights because they "had no probable cause to arrest him."    (Id. at 5).    Plaintiff specifies that:

> On October 19, 2010 a warrant was executed at 928 Nellie St in
> Mobile Al[.] [N]othing was found at the residence[.] [H]owever a
> veh[ic]le was parked in the drive way [and an] officer used a
> device to gain entrance of the automobile without a warrant.
> Plaintiff['s] name was on the receipt found inside the automobile,
> that the officers used to search 924 Nellie St.

(Id.).

For relief, plaintiff states that he wants "the courts to discipline the

officers and [he] would like to be compensated for the stress suffered from the

impact of the arrest of the incident."  (Id. at 7).  The complaint also informs that

plaintiff was convicted on January 19, 2011 for possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g).[1]

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

---

[1] On January 19, 2011, plaintiff was convicted by a jury of possession of a firearm after
conviction of a felony in violation of 18 U.S.C. § 922(g)(l) and was acquitted on the other four counts.
United States v. Body, CR 10-00232-CG-C (Doc. 42 at 2-3) (S.D. Ala.).  On January 5, 2012, plaintiff's
conviction was affirmed on appeal.  (Doc. 84).  Subsequently, on July 27, 2012, the Court received
plaintiff's motion under 28 U.S.C. § 2255, which is pending.  (Doc. 88).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  Whereas, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662, 129 S.Ct. 1937.  Furthermore, the court treats as true factual allegations but not conclusory assertions or a recitation of a cause of action's elements.  Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III.  Discussion.

### A.  Fourth Amendment Claim.

#### 1.  Failure to Show an Expectation of Privacy.

Plaintiff claims violations of the Fourth Amendment and Due Process, with no explanation being offered for the basis of the Due Process violation.  In the absence of any explanatory information, and due to the fact that the intention of the Fourth Amendment is to address claims like those presented by plaintiff, the Court will address plaintiff's allegations under the Fourth Amendment.  See Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) ("Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims.'") (quoting  Graham v. Connor, 490 U.S. 386, 395 (1989)).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"  U.S. CONST. amend. IV.  By its terms, the Fourth Amendment "is a personal right that must be invoked by an individual."  Minnesota v. Carter, 525 U.S. 83, 88, 119 S.Ct. 469, 473, 142 L.Ed.2d 373 (1988).  A person who claims a violation of the Fourth Amendment must establish that he "has a legitimate expectation of privacy in the invaded place."  Rakas v. Illinois, 439 U.S. 128, 140, 143, 99 S.Ct. 421, 429-30, 58 L.Ed.2d 387  (1978) ("That inquiry in turn requires a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.").  "A person has a legitimate expectation of privacy if (1) he has a subjective expectation of privacy, and (2) society is prepared to recognize that expectation as objectively reasonable."  United States v. Harris, 526 F.3d 1334, 1338 (11th Cir.), cert. denied, 129 S.Ct. 569 (2008).

In the present action, plaintiff's allegations do not reflect that plaintiff had any connection to the house at 928 Nellie Street or at 924 Nellie Street, or to the car in which the receipt was found bearing his name at the 928 Nellie Street address.  Thus, the Court concludes that his allegations fail to show that he had an expectation of privacy in either Nellie Street house or in the car containing the receipt.  Having no expectation of privacy, plaintiff has not established a violation of the Fourth Amendment.

In order to state a claim under § 1983, a violation of a right arising under the Constitution or federal law must be established.  Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Inasmuch as plaintiff's Fourth Amendment claim does not state a claim, and his vague mention of "false documents" was not developed, the Court concludes that plaintiff's

complaint fails to state a claim upon which relief can be granted and is, therefore, subject to dismissal.

## 2.  Lack of a Causal Connection.

Plaintiff has not alleged a plausible claim against each defendant.  His allegations do not describe the actions of each officer.  Rather, plaintiff uses the generic "officers" in his allegations to describe his claims (doc. 1 at 4), and when asked to specify what each officer did, he provides the same statement for each officer with no specific reference to either defendant.  (Doc. 1 at 5). Whereas, in a § 1983 action, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  For this additional reason, plaintiff's allegations fail to state a claim against each Defendant, thereby subjecting his action to dismissal.

## B.  Application of 42 U.S.C. § 1997e(e).

Alternatively, to the extent that plaintiff's action can be construed to be a request for compensatory damages, his action is due to be dismissed pursuant to 42 U.S.C. § 1997e(e).  This section was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]"  Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Section 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).  This section is "[r]ead as a limitation on recovery only[.]"  Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000).  By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]"  Id. at 1289.

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004).  All claims, including constitutional claims, are encompassed by the statute's clear and broad language, with no exceptions being provided.  Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir.  2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally.  Id. And this section "appl[ies] to prisoner lawsuits that claim injuries suffered during custodial episodes, even if such custody occurred outside prison walls."  Napier, 314 F.3d at 533. Accordingly, § 1997e(e) applies to the present action in that plaintiff is complaining about a mental or emotional injury, i.e., the stress suffered while he was in custody after his arrest, without connecting it a prior physical injury.

Plaintiff's request for the relief in the complaint is that he "be compensated for the stress suffered from the impact of the arrest" and that defendants be disciplined.  Plaintiff's request to be compensated is treated by the Court as a request for compensatory damages in that the nature of the request indicates to the Court that plaintiff he is seeking to recover more than a mere

token. Torres v. Logan, No. 10 Civ. 6951 (PAC) (JLC), 2011 WL 1811003, at *5 (S.D.N.Y.

May11, 2011) (unpublished) (treating the plaintiff's request that he "would like to be

compensated … for every [] day" as a request for compensatory damages and recommending the

dismissal of the compensatory damages pursuant to 42 U.S.C. § 1997e(e) due to the absence of a

physical injury), adopted by 2011 WL 3894386 (S.D.N.Y. June 13, 2011); cf. Carey v. Piphus,

435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were

entitled to nominal damages for the mere violation, the damages should not exceed one dollar).

Although if the request to be compensated for the stress that he suffered can be construed to a

request for nominal damages, a claim for nominal damages would be allowed to proceed, with

the damages to be awarded, if he was successful, being only nominal. See Kyle v. Patterson, 196

F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate

means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison

v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011)

(unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages

inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA

09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that

"$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by

any definition of the term 'nominal'"); Qualls v. Santa Rosa County Jail,  No.

3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished)

(dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal

damages, because he specifically requested only $250,000 in compensatory and/or punitive

damages"); Partain v. Walker, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga.

Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour

that he did not go outside and $10,000 for each day that he went outside in shackles were not requests for nominal damages).[3]

Having determined that plaintiff is not entitled to compensatory damages, the Court now turns to the other form of relief that he requested. Plaintiff also seeks injunctive relief by requesting to have the defendants disciplined. While injunctive relief is not barred by 42 U.S.C. § 1997e(e), the injunctive relief sought by plaintiff is not appropriate. A federal court does not involve itself in a defendant's employment relationship with his employer. See Newman v. Alabama, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."); Harris v. Whitehead, No. Civ. A. 2:04CV485-MHT, 2007 WL 2300964, at *1 (M.D. Ala. Aug. 8, 2007) (unpublished) (holding that the federal court had no authority to discharge prison officials as that decision was for the supervisors to make). Therefore, to the extent that plaintiff's claim to be compensated for his

---

[3] In order to proceed on a claim nominal damages, a determination would have to be made as to whether this action is barred by the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Heck Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. at 2372; see Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (applying Heck to a Bivens action that challenged a federal criminal conviction); cf. Hughes v. Lott, 350 F.3d 1157, 1160-61 (11th Cir. 2003) (recognizing some claims are not precluded by Heck). However, the Court has not addressed the applicability of the Heck decision due to the lack of information provided in the complaint and to the other above noted deficiencies.

stress is deemed to be a request for compensatory damages, § 1997e(e) provides an alternate basis for the dismissal of his damages request and plaintiff's request to discipline the defendants fails to state a claim, which subjects his injunctive relief request to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  17th day of April 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.       **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

11